UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BOYD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSI BEVERAGES COMPANY and PEPSI BOTTLING COMPANY, LLC,<br><br>Defendants. | Civil Action No. 14-cv-12289<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Stephen Boyd ("Plaintiff"), by his undersigned attorneys, brings this action on behalf of himself and all others similarly situated against Defendants Pepsi Beverages Company and Pepsi Bottling Company, LLC (together, "Pepsi").

### INTRODUCTION

1. This is a "collective action" pursuant to 29 U.S.C. § 216(b), part of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, to remedy violations of the overtime wage provisions of the FLSA, 29 U.S.C. § 207(a).

2. This is also a class action pursuant to Fed. R. Civ. P. 23 and Mass. Gen. Laws ch. 151, § 1B, part of the Massachusetts Overtime Law, Mass. Gen. Laws ch. 151, §§ 1-22, to remedy violations of the overtime wage provisions of the State Act, Mass. Gen. Laws ch. 151, § 1A.

3. Plaintiff seeks damages and other relief provided by law for Pepsi's failure to pay him and other non-exempt employees properly calculated time-and-a-half overtime

11

premiums for the hours they work in excess of 40 hours in a workweek, as required by the federal and state law.

4. Specifically, Plaintiff challenges as unlawful Pepsi's uniform, company-wide policy of using the fluctuating workweek ("FWW") method to calculate overtime for non-exempt employees despite the fact that Defendants have not met the requirements for using the FWW method of payment. In particular, employees such as the Plaintiff are not paid a fixed weekly salary, which is required in order for employers to take advantage of the FWW method of overtime compensation.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's claim under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's claim under the State Act pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

7. Plaintiff Boyd is an adult individual who is a resident of Haverhill, Massachusetts.

8. Boyd was employed by Pepsi as a Bulk Customer Representative ("BCR") at Pepsi's Haverhill, Massachusetts, location within the last three years.

9. Defendant Pepsi Beverages Company is a New York corporation with a principal place of business at Somers, New York.

10. Defendant Pepsi Bottling Company, LLC is a New York limited liability company with a principal place of business at Somers, NY.

11

## FACTUAL ALLEGATIONS

11. During the period from at least three years ago to the present, Plaintiff and other members of the "FLSA Class" and the "Massachusetts Class," as defined below, regularly worked more than 40 hours per week.

12. When Plaintiff and class members worked more than 40 hours per week, their overtime wages were calculated under the fluctuating workweek ("FWW") method of overtime compensation.

13. Using the FWW method, Defendants (collectively "Pepsi") calculated overtime wages for Plaintiff and class members by: (a) dividing each employee's wages for that week by the number of hours worked that week, thereby arriving at an hourly rate; and then (b) dividing that hourly rate in half to arrive at the amount to be paid per hour for any overtime work in excess of 40 hours per week.

14. However, Pepsi is not entitled to use the FWW method of calculating overtime because Plaintiff and class members are not paid "a fixed salary that does not vary with the number of hours worked during the week," 29 C.F.R. § 778.114 (a requirement for employers to use the FWW method of overtime calculation).

15. Instead, the amount of pay Plaintiff and class members receive each week varies.

16. For example, Plaintiff and class members receive other forms of pay in addition to a fixed weekly amount, such as non-discretionary commissions, holiday pay, "sixth and seventh day pay" (which pays a minimum of either $175 or $200 for sixth and seventh days worked in a week), and overtime for work performed beyond 8 or 10 hours per day.

17. Pepsi also reduces the base salary during weeks in which holiday pay is paid. These practices result in BCRs' weekly non-overtime compensation varying, rather than being "fixed", as is required by law in order for Pepsi to use the FWW method of overtime calculation.

18. Indeed, in an April 2011 Final Rule, the U.S. Department of Labor made clear that "the payment of bonus and premium payments . . . are incompatible with the fluctuating workweek method of computing overtime." 76 Fed. Reg. 18,832 (Apr. 5, 2011). Defendant has been on notice of this rule since at least April 2011.

19. Nonetheless, as part of its regular business practice, Pepsi has continued to use the FWW method to calculate overtime wages for Plaintiff and class members. As a result, Pepsi willfully and intentionally has failed and/or refused to pay Plaintiff and class members properly calculated overtime wages for all hours they work in excess of 40 hours per workweek, in violation of 29 U.S.C. § 207(a).

## COLLECTIVE ACTION ALLEGATIONS

20. With respect to Count I below, Plaintiff brings this complaint individually and as a nationwide collective action on behalf of an opt-in class (the "FLSA Class") comprised of all former or current non-exempt Bulk Customer Representatives ("BCR"s) who have worked for Pepsi throughout the United States within the last three years.

21. Plaintiff is a member of the FLSA Class.

22. Upon information and belief, the FLSA Class consists of more than several thousand persons.

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims under the FLSA for unpaid overtime compensation, liquidated damages,

attorneys' fees, and costs. In addition to Plaintiff, numerous current and former Pepsi employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of the interests of the FLSA Class as well as his own in bringing this action.

24. Members of the FLSA Class are known to Pepsi, are readily identifiable, and can be located through Pepsi's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) and for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

25. With respect to Count II below, Plaintiff brings this complaint individually and on behalf of an opt-out class (the "Massachusetts Class") on behalf of former or current non-exempt Bulk Customer Representatives ("BCR"s) who have worked for Pepsi within the last two years in Massachusetts.

26. Plaintiff is a member of the Massachusetts Class.

27. Upon information and belief, the Massachusetts Class consists of several hundred persons. The members of the Massachusetts Class are so numerous that joinder is impractical.

28. The Massachusetts Class, as defined above, is identifiable and unambiguous based on objective information and criteria, and its members can be located through Pepsi's payroll records.

29. The claims and defenses of Plaintiff are typical of the claims of all members of the Massachusetts Class. By proving his case, Plaintiff will simultaneously prove the case of

the members of the Massachusetts Class.

30. Questions of law and fact common to members of the Massachusetts Class predominate over any questions affecting individual members. By way of example, a central common and predominate question is whether Pepsi violated the State Act by using the FWW method to calculate overtime pay for members of the Massachusetts Class, given that their non-overtime wages vary from one week to the next based upon the inclusion of non-discretionary commissions and other payments.

31. Plaintiff will fairly and adequately represent the Massachusetts Class. Plaintiff is willing and able to serve as representative of the Massachusetts Class, and he has no knowledge of any possible divergent interests between or among Plaintiff and any members of the Massachusetts Class.

32. Plaintiff has retained highly competent counsel experienced in class actions and complex litigation to provide representation on behalf of Plaintiff and the Massachusetts Class.

33. The prosecution of separate actions by individual members of the Massachusetts Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Class, which would establish incompatible standards of conduct for Pepsi.

34. The prosecution of separate actions would also create a substantial risk of adjudications with respect to individual members of the Massachusetts Class, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11

## COUNT I
## Fair Labor Standards Act

35. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

36. Pepsi engaged in a nationwide pattern, policy, and practice of violating the FLSA.

37. The overtime wage provisions set forth in the FLSA apply to Pepsi and protect Plaintiff and the FLSA Class.

38. Pepsi failed to pay Plaintiff and the members of the FLSA Class the properly calculated overtime wages to which they are entitled under the FLSA.

39. Pepsi's violations of the FLSA, as described in this Complaint, have been willful and intentional as described above.

40. Pepsi did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the FLSA Class.

41. Because Pepsi's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. As a result of Pepsi's violations of the FLSA, Plaintiff and the members of the FLSA Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq*.

## COUNT II
### Massachusetts Overtime Law

43. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

44. The overtime wage provisions set forth in the Massachusetts Overtime Law, Mass. Gen. Laws, ch. 151, §§1A and 1B, apply to Pepsi and protect Plaintiff and the Massachusetts Class.

45. Pepsi failed to pay Plaintiff and the members of the Massachusetts Class the overtime wages to which they are entitled under the Massachusetts Overtime Law.

46. As a result of Pepsi's violations of the Massachusetts Overtime Law, Plaintiff and the members of the Massachusetts Class have suffered damages by being denied overtime wages in accordance with the Massachusetts Overtime Law in amounts to be determined at trial, and they are entitled to recovery of such amounts, treble liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to Mass. Gen. Laws ch. 151, §§1A and 1B.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a. designation of this action as a collective action pursuant to 29 U.S.C. § 216(b) and prompt notice to all potential members of the FLSA Class in accordance with that section to allow them to "opt in" to this action;

b. certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

c. overtime wages owed to Plaintiff and class members the FLSA and the State Act;

    d.    liquidated damages permitted under the FLSA;

    e.    treble damages required under the Massachusetts Overtime Law;

    f.    pre-judgment and post-judgment interest, as provided by law;

    g.    attorneys' fees and costs of suit, including expert fees; and

    h.    such other relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


    Respectfully submitted,

    STEPHEN BOYD,

    individually and on behalf of all others similarly situated,

    By his attorneys,


    /s/ Shannon Liss-Riordan_____
    Shannon Liss-Riordan, BBO #640716
    Lichten & Liss-Riordan, P.C.
    100 Cambridge Street – 20th Floor
    Boston, MA 02114
    (617) 994 – 5800

    Richard E. Hayber,
    *pro hac vice anticipated*
    Hayber Law Firm, LLC
    221 Main Street, Suite 502
    Hartford, CT  06106
    (860) 522-8888

May 27, 2014